[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 29, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14702
Non-Argument Calendar

_____

BIA No. A96-100-801

MARIA LUZ NELLY CUELLAR,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(March 29, 2007)**

Before BIRCH, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Maria Cuellar, a native and citizen of Colombia, seeks review of the decision

of the Board of Immigration Appeals that affirmed the denial of her application for asylum and withholding of removal under the Immigration and Nationality Act, and relief under the United Nations Convention on Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, 8 U.S.C. §§ 1158, 1231; 8 C.F.R. § 208.16(c). Cuellar argues that the IJ and BIA erred by finding her testimony not to be credible. We deny her petition.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the decision of the IJ. Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "[We] must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 817-18 (11th Cir. 2004) (quotation omitted). "A credibility determination, like any fact finding, may not be overturned unless the record compels it." Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005) (citations and quotations omitted).

To qualify for asylum, an alien must establish by a preponderance of the evidence either (1) past persecution on account of race, religion, nationality, membership in a particular social group, or political opinion or (2) a "well-founded fear" of future persecution based on race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A); 8 C.F.R. § 208.13(a), (b). To qualify for withholding of removal, an alien must establish

2

that if returned to her country, she more likely than not would be persecuted on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3); Mendoza v. U.S. Att'y Gen., 327 F.2d 1283, 1287 (11th Cir. 2003). An alien applying for relief under the Convention Against Torture must prove "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2).

Cuellar admits that the BIA and IJ expressly found her testimony incredible but argues that this finding was not supported by substantial evidence. We disagree. "[T]he [BIA] must offer specific, cogent reasons for an adverse credibility finding . . . [but] the burden is on the applicant alien to show that the credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence." Forgue, 401 F.3d at 1287. The BIA found several inconsistencies between Cuellar's asylum application, her interview with the asylum officer, and her testimony before the IJ. Cuellar admitted, for example, that, in her interview with an asylum officer, she had falsely testified that the FARC harassed her family because they would not give the FARC a percentage of their harvest. Cuellar did not mention these demands in her asylum application, and Cuellar later expressly denied that the FARC ever wanted to tax her farm. This and other inconsistencies provide substantial evidence in support of an

3

adverse credibility determination.

Cuellar argues that, regardless of the adverse credibility determination, her other evidence establishes her eligibility for asylum or withholding or removal. Again, we disagree. Aside from her incredible testimony, Cuellar submitted no evidence that she suffered persecution based on a protected ground. Cuellar also introduced no evidence that she would be targeted for having participated in political activities upon her return to Colombia. Because Cuellar did not meet the standard for establishing a well-founded fear of future persecution for asylum eligibility, she failed to satisfy the more difficult standard for withholding of removal under the INA or CAT. See Najjar, 257 F.3d at 1292-93.

Cuellar's petition for review is

**DENIED.**